JOHN STOCK v. HUGH CRAWFORD, Appellant.

**Evidence:** FORMER ARBITRATION. Evidence that an arbitration was had between the parties subsequent to an alleged counterclaim, at

which the same was not presented, was admissible in a subsequent action on the counterclaim on the question of damages arising therefrom.

*Appeal from Johnson District Court.*— HON. M. J. WADE, Judge.

MONDAY, OCTOBER 24, 1904.

ACTION for damages for trespass of defendant's cattle upon plaintiff's land, alleged to have been due to the carelessness and neglect of defendant in maintaining and keeping in repair the defendant's part of the partition fence between the land of plaintiff and that of defendant, and for the negligence and carelessness of defendant in failing to restrain said stock from trespassing on plaintiff's land. Defendant denied the alleged trespass and the negligence, and interposed a counterclaim for damages sustained by reason of plaintiff's Hereford bull, an animal of very ordinary quality, and undesirable to defendant for breeding purposes, having broken into defendant's inclosure from the highway, and gotten with calf a valuable blooded Angus cow belonging to defendant, which cow was being kept by defendant for the purpose of breeding her to a blooded Angus bull. The jury returned a verdict for the plaintiff for damages, assessing his recovery at $40, and returned a special finding in answer to an interrogatory that defendant was not entitled to recover any damages on his counterclaim. From judgment for plaintiff on the verdict, the defendant appeals.— *Affirmed.*

*H. E. Porter,* for appellant.

*Remley & Ney,* for appellee.

MCCLAIN, J.— Some complaint is made of the action of the trial court in allowing plaintiff to introduce evidence as to a previous arbitration of a dispute between these parties. It is not contended that the matters in controversy in this case

were passed upon in that arbitration, and it appears that plaintiff's present claim has arisen since such submission. Defendant's claim, however, if any he has, for the trespass of plaintiff's bull, existed at the time of the agreement to arbitrate, but it was not included in the written submission. Evidence of the arbitration was received, not as a bar to defendant's counterclaim, but as tending to throw light on the validity of the claim of defendant, which, if it then existed, was not included in the submission. With reference to this evidence, the court instructed the jury that the only purpose for which the written submission to arbitration was received in evidence was to throw light upon the question as to whether defendant was in fact damaged as claimed by the action of plaintiff's bull. Certainly, the failure of the defendant to have included in the written submission all the claims and demands which plaintiff then had against defendant for trespasses of defendant's stock on plaintiff's premises would tend to discredit the existence at that time of any counterclaim for damages caused by plaintiff's bull. The purpose for which the evidence was received was properly explained, and we think defendant has no ground of complaint.

Counsel for appellant complains of the refusal of the trial court to take the case from the jury on defendant's motion, but, on an examination of the record, we are satisfied that there was evidence on which a verdict for the plaintiff could be predicated, and on which such verdict was rendered, and we are not called upon to discuss the evidence in detail. It is urged that it was incumbent on plaintiff to show, not only that he maintained his part of the partition fence in lawful condition, but that he had used ordinary and reasonable efforts to prevent the damages which he suffered by reason of defendant's animals coming upon his premises through the part of the fence which defendant was bound to maintain. The evidence on this question in plaintiff's behalf was, however, sufficient to take the case to the jury and support the verdict.

We have considered all the matters which are urged in the argument for appellant, and, finding no error to have been committed by the trial court, the judgment is *affirmed*.